**Christopher S. Marks**, OSB #022052
cmarks@williamskastner.com
**Rachel A. Robinson**, OSB #084550
rrobinson@williamskastner.com
WILLIAMS, KASTNER & GIBBS PLLC
888 SW Fifth Avenue, Suite 600
Portland, OR 97204-2025
Phone: (503) 228-7967
Fax: (503) 222-7261
Attorneys for Defendant Walter Meier Holding Corporation

The Honorable Garr M. King

## UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

| | |
|---|---|
| **TODD YANDELL,**<br><br>       Plaintiff,<br><br>    v.<br><br>**WALTER MEIER HOLDING AG,** a Swiss Corporation; **WMH TOOL GROUP, INC.,** a Tennessee Corporation; **WALTER MEIER (MANUFACTURING) INC.,** a Tennessee Corporation; **WALTER MEIER HOLDING CORPORATION,** a Delaware Corporation,<br><br>       Defendants. | **Case No. 3:11-CV-266-KI**<br><br>DEFENDANT WALTER MEIER HOLDING CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF RULE 12(b)(2) MOTION TO DISMISS |

Page 1 -    DEFENDANT WALTER MEIER
              HOLDING CORPORATION'S
              MEMORANDUM OF LAW IN SUPPORT
              OF RULE 12(b)(2) MOTION TO DISMISS

Williams, Kastner & Gibbs PLLC
888 SW Fifth Avenue, Suite 600
Portland, OR 97204-2025
Telephone: (503) 228-7967• Fax (503) 222-7261

3107754.1

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ..................................................................................................2

INTRODUCTION ..........................................................................................................3

LEGAL STANDARD ....................................................................................................3

ARGUMENT ................................................................................................................4

I.      Plaintiff Cannot Establish General Jurisdiction Over Walter Meier Holding............5

II.     Plaintiff Cannot Establish Specific Jurisdiction Over Walter Meier Holding. ..........7

        A.     Plaintiff Cannot Establish that Walter Meier Holding Purposely Availed Itself of the Privilege of Conducting Activities in Oregon................7

        B.     Plaintiff Cannot Establish that His Claims Have Arisen Out of, or Resulted from, Any Activity in Oregon by Walter Meier Holding. ..............9

        C.     Exercise of Specific Jurisdiction Over Walter Meier Holding Would Be Unreasonable. ........................................................................10

               1.     No Extent of Purposeful Interjection into Oregon. ...........................10

               2.     A High Burden to Defend in Oregon. ...............................................11

               3.     No Conflict Among Sovereignties. ....................................................11

               4.     An Unknown Interest for Oregon to Adjudicate the Dispute. ..........11

               5.     An Unknown Efficiency of an Oregon Forum...................................12

               6.     Little Interest in Convenient and Effective Relief. ...........................12

               7.     An Unknown Unavailability of Alternative Forums.........................12

CONCLUSION ............................................................................................................13

Page 2 -      DEFENDANT WALTER MEIER
                   HOLDING CORPORATION'S
                   MEMORANDUM OF LAW IN SUPPORT
                   OF RULE 12(b)(2) MOTION TO DISMISS

**Williams, Kastner & Gibbs PLLC**
888 SW Fifth Avenue, Suite 600
Portland, OR 97204-2025
Telephone: (503) 228-7967• Fax (503) 222-7261

3107754.1

## INTRODUCTION

Plaintiff sued Walter Meier Holding Corporation ("Walter Meier Holding") with claims of product liability and negligence. (*See* Pl.'s Compl. (ECF No. 1, Ex. A).) Plaintiff's Complaint alleges that Walter Meier Holding is a Delaware corporation located in Wilmington, Delaware, and presents no allegations to support personal jurisdiction over Walter Meier Holding. (*Id.* at ¶ 4.) Because Plaintiff has not pleaded or otherwise established sufficient contacts between Walter Meier Holding and Oregon, Walter Meier Holding should be dismissed for lack of personal jurisdiction.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Absent an evidentiary hearing, the court "only inquires into whether the plaintiff's pleadings and affidavits make a prima facie showing of personal jurisdiction." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008) (citation and brackets omitted). The plaintiff bears the burden to establish personal jurisdiction over each defendant, *id.*, and "[e]ach defendant's contacts with the forum State must be assessed individually." *Calder v. Jones*, 465 U.S. 783, 790 (1984) (citation omitted). A corporate defendant's contacts will not establish personal jurisdiction over its related corporate entities. *See Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984); *see also Doe v. Unocal Corp.*, 248 F.3d 915, 925 (9th Cir. 2001) ("The existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum.").

Page 3 -    DEFENDANT WALTER MEIER
HOLDING CORPORATION'S
MEMORANDUM OF LAW IN SUPPORT
OF RULE 12(b)(2) MOTION TO DISMISS

**Williams, Kastner & Gibbs PLLC**
888 SW Fifth Avenue, Suite 600
Portland, OR 97204-2025
Telephone: (503) 228-7967• Fax (503) 222-7261

3107754.1

## ARGUMENT

Walter Meier Holding should be dismissed for lack of personal jurisdiction because Plaintiff has not pleaded and, indeed, cannot establish sufficient contacts between Walter Meier Holding and Oregon to prove general or specific jurisdiction over Walter Meier Holding. Furthermore, assuming Plaintiff could shift the burden to Walter Meier Holding, the exercise of specific jurisdiction over Walter Meier Holding would not comport with fair play and substantial justice.

In a diversity action, a plaintiff must establish personal jurisdiction over a non-resident defendant under the forum state's law. *W. Helicopters, Inc. v. Rogerson Aircraft Corp.*, 715 F. Supp. 1486, 1489 (D. Or. 1989); *see also Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) ("Where, as here, there is no applicable federal statute governing personal jurisdiction, the law of the state in which the district court sits applies."). In Oregon, a plaintiff must establish personal jurisdiction under Oregon Rule of Civil Procedure 4. *See* Or. R. Civ. P. 4. Because it confers personal jurisdiction to an extent permitted by the U.S. Constitution, *id.* at 4L, a plaintiff must overcome the Due Process Clause of the U.S. Constitution. *Gray & Co., Inc. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990); *see also Millennium Enters., Inc. v. Millennium Music, LP*, 33 F. Supp. 2d 907, 909 (D. Or. 1999) (Under "Oregon's catch-all jurisdictional rule . . . , the analysis collapses into a single framework and the court proceeds under federal due process standards." (citation omitted)).

To satisfy due process of law, a plaintiff must establish a non-resident defendant has "'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not

Page 4 -    DEFENDANT WALTER MEIER
HOLDING CORPORATION'S
MEMORANDUM OF LAW IN SUPPORT
OF RULE 12(b)(2) MOTION TO DISMISS

**Williams, Kastner & Gibbs PLLC**
888 SW Fifth Avenue, Suite 600
Portland, OR 97204-2025
Telephone: (503) 228-7967• Fax (503) 222-7261

3107754.1

offend traditional notions of fair play and substantial justice.'" *Boschetto*, 539 F.3d at 1015–16 (citations omitted). In particular, a plaintiff must satisfy due process of law through either general or specific jurisdiction over a non-resident defendant. *Id.* at 1016.

## I.    PLAINTIFF CANNOT ESTABLISH GENERAL JURISDICTION OVER WALTER MEIER HOLDING.

To establish general jurisdiction, a plaintiff must show that a non-resident defendant has "engage[d] in 'continuous and systematic general business contacts' that 'approximate physical presence' in the forum state." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (citations omitted). "This is an exacting standard" for a plaintiff to satisfy because "general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Id.* (citation omitted); *see also Amoco Egypt Oil Co. v. Leonis Nav. Co.*, 1 F.3d 848, 851 n.3 (9th Cir. 1993) ("regularly declin[ing] to find general jurisdiction even were the contacts were quite extensive").

*Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408 (1984), illustrates the exacting standard that a plaintiff must overcome to establish general jurisdiction. In *Helicopteros*, the plaintiffs brought a wrongful death action in Texas against a Columbian company after its helicopter crashed. *Id.* at 411. The plaintiffs showed the company had various business contacts in Texas. *Id.* at 410–11. Specifically, the company had negotiated the helicopter-services contract in Texas, purchased helicopters, spare parts, and accessories from a Texas company, sent personnel to train in Texas, sent employees to Texas for technical consultation, and transacted through bank accounts in Texas. *Id.* Nevertheless, the U.S. Supreme Court found the plaintiff had not shown general jurisdiction because the contacts did

Page 5 -   DEFENDANT WALTER MEIER
HOLDING CORPORATION'S
MEMORANDUM OF LAW IN SUPPORT
OF RULE 12(b)(2) MOTION TO DISMISS

**Williams, Kastner & Gibbs PLLC**
888 SW Fifth Avenue, Suite 600
Portland, OR 97204-2025
Telephone: (503) 228-7967• Fax (503) 222-7261

3107754.1

not constitute "continuous and systematic general business contacts." *Id.* at 416; *see also Schwarzenegger*, 374 F.3d at 801 (affirming dismissal for lack of jurisdiction over an Ohio car dealership where Schwarzenegger failed to establish "continuous and systematic" contacts that had constituted a "'presence' to warrant general jurisdiction" (citing *Helicopteros*, 466 U.S. at 418)).

As in *Helicopteros* and *Schwarzenegger*, Plaintiff cannot satisfy the exacting standard to establish general jurisdiction over Walter Meier Holding.  Indeed, Plaintiff has not pleaded any contact of Walter Meier Holding in Oregon.  (*See* Pl.'s Compl.)  For instance, Plaintiff's Complaint alleges "[a]t some time during 2005, WMH, WMMI, WMH, WMM HC distributed, supplied and/or sold to Plaintiff's Employer, Monster Electric[,] a Powermatic saw." (*Id.* at ¶ 6.)  This allegation, however, does not connect Walter Meier Holding, in any manner, with Oregon.  (*Id.*)  Furthermore, any alleged contacts between Oregon and Walter Meier Holding's affiliated entities (*see id.* at ¶¶ 2–3, 5–6) cannot establish general jurisdiction over Walter Meier Holding as "[e]ach defendant's contacts . . . must be assessed individually." *Calder*, 465 U.S. at 790; *Keeton*, 465 U.S. at 781 n.13.

Therefore, Plaintiff cannot establish general jurisdiction over Walter Meier Holding because he cannot show any contacts between Walter Meier Holding and Oregon, let alone that Walter Meier Holding has engaged in continuous and systematic general business contacts that approximate physical presence in Oregon. *See Schwarzenegger*, 374 F.3d at 801.

Page 6 -   DEFENDANT WALTER MEIER
            HOLDING CORPORATION'S
            MEMORANDUM OF LAW IN SUPPORT
            OF RULE 12(b)(2) MOTION TO DISMISS

**Williams, Kastner & Gibbs PLLC**
888 SW Fifth Avenue, Suite 600
Portland, OR 97204-2025
Telephone: (503) 228-7967• Fax (503) 222-7261

3107754.1

## II. PLAINTIFF CANNOT ESTABLISH SPECIFIC JURISDICTION OVER WALTER MEIER HOLDING.

To establish specific jurisdiction, a plaintiff must show "a relationship among the defendant, the forum, and the litigation" and the controversy "is related to or 'arises out of' the defendant's contacts with the forum." *Helicopteros*, 466 U.S. at 414 (citation omitted). Under the Ninth Circuit's three-part test, a plaintiff must show that: "(1) the non-resident did some act or consummated some transaction within the forum state by which it purposely availed itself of the privilege of conducting activities in the forum state"; and "(2) the plaintiff's claims against the defendant must have arose out of, or resulted from, the non-resident defendant's forum-related activities." *Schwarzenegger*, 374 F.3d at 802 (citation omitted). If a plaintiff fails to satisfy either prong, personal jurisdiction is not established in the forum state. *Id.* If a plaintiff satisfies both prongs, the burden shifts to a defendant to show that the exercise of jurisdiction does not comport with fair play and substantial justice, *i.e.* it is not reasonable." *Id.* (citations omitted).

### A. Plaintiff Cannot Establish that Walter Meier Holding Purposely Availed Itself of the Privilege of Conducting Activities in Oregon.

Under the first prong to establish specific jurisdiction, a plaintiff must show the defendant "purposely availed itself of the privilege of conducting activities in [the forum state]." *Id.* (citation omitted). In a tort action, a plaintiff must satisfy the "effects test" that a defendant has "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* at 803–05 (citations omitted).

Page 7 -    DEFENDANT WALTER MEIER
HOLDING CORPORATION'S
MEMORANDUM OF LAW IN SUPPORT
OF RULE 12(b)(2) MOTION TO DISMISS

**Williams, Kastner & Gibbs PLLC**
888 SW Fifth Avenue, Suite 600
Portland, OR 97204-2025
Telephone: (503) 228-7967• Fax (503) 222-7261

3107754.1

Foremost, Plaintiff has failed to plead what intentional act, if any, each of the four corporate Defendants has committed. (*See* Pl.'s Compl. at ¶ 6.) Instead, Plaintiff has alleged abstrusely, "At some time during 2005, WMH, WMMI, WMH, WMM HC distributed, supplied and/or sold to Plaintiff's Employer, Monster Electric[,] a Powermatic saw." (*Id.*) Even if Plaintiff had pleaded an intentional act by Walter Meier Holding, he has not shown an intentional act by Walter Meier Holding that was expressly aimed at Oregon. (*Id.* at ¶¶ 4, 6.)

In *Schwarzenegger*, the Ninth Circuit affirmed dismissal for lack of jurisdiction over an Ohio car dealership. 374 F.3d at 807. The Ninth Circuit held the dealership's act—creating and publishing an advertisement with Schwarzenegger's image—was not expressly aimed at California. *Id.* at 807. The Ninth Circuit rejected Schwarzenegger's argument that the act "eventually caused harm to Schwarzenegger in California . . . and that [the dealership] may have known that Schwarzenegger lived in California." *Id.*; *see also Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007) (affirming dismissal because express aiming requires "'something more' than the mere placement of a product into a stream of commerce").

In this case, Plaintiff cannot establish that Walter Meier Holding committed an intentional act expressly aimed at Oregon. If Plaintiff had alleged an intentional act that Walter Meier Holding, in particular, had committed, Plaintiff still failed to plead an intentional act by Walter Meier Holding that was expressly aimed at Oregon. (*See* Pl.'s Compl. at ¶¶ 4, 6.) As underscored in both *Schwarzenegger* and *Holland*, Plaintiff must establish Walter Meier Holding has committed an intentional act expressly aimed at Oregon, which is "'something

Page 8 -   DEFENDANT WALTER MEIER
          HOLDING CORPORATION'S
          MEMORANDUM OF LAW IN SUPPORT
          OF RULE 12(b)(2) MOTION TO DISMISS

**Williams, Kastner & Gibbs PLLC**
888 SW Fifth Avenue, Suite 600
Portland, OR 97204-2025
Telephone: (503) 228-7967• Fax (503) 222-7261

3107754.1

more' than the mere placement of a product into a stream of commerce." *Holland*, 485 F.3d at 459; *accord Schwarzenegger*, 374 F.3d at 807.

At bottom, Plaintiff cannot establish specific jurisdiction over Walter Meier Holding because he cannot show Walter Meier Holding has committed an intentional act expressly aimed at Oregon, much less to cause harm that Walter Meier Holding knows is likely to be suffered in Oregon.

**B.     Plaintiff Cannot Establish that His Claims Have Arisen Out of, or Resulted from, Any Activity in Oregon by Walter Meier Holding.**

Under the second prong to establish specific jurisdiction, a plaintiff must show that "the claim against the defendant [is] one which arises out of or relates to the [non-resident] defendant's forum-related activities." *Schwarzenegger*, 374 F.3d at 802 (citation omitted).  In particular, a plaintiff must satisfy "but for" causation, showing the plaintiff's claims would not have arisen but for the defendant's contacts with the forum. *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995).

As set forth above, Plaintiff cannot establish that Walter Meier Holding has committed an intentional act expressly aimed at Oregon.  It follows that Plaintiff's claims would have arisen irrespective of Walter Meier Holding or its incognizable contacts with Oregon. Therefore, Plaintiff cannot establish specific jurisdiction over Walter Meier Holding because he cannot show his claims have arisen out of, or resulted from, any activity by Walter Meier Holding in Oregon.

Page 9 -     DEFENDANT WALTER MEIER
             HOLDING CORPORATION'S
             MEMORANDUM OF LAW IN SUPPORT
             OF RULE 12(b)(2) MOTION TO DISMISS

**Williams, Kastner & Gibbs PLLC**
888 SW Fifth Avenue, Suite 600
Portland, OR 97204-2025
Telephone: (503) 228-7967• Fax (503) 222-7261

3107754.1

**C.      Exercise of Specific Jurisdiction Over Walter Meier Holding Would Be Unreasonable.**

Even assuming Walter Meier Holding has sufficient contacts with Oregon, exercise of personal jurisdiction over Walter Meier Holding would not comport with fair play and substantial justice, *i.e.*, it would be unreasonable. *Schwarzenegger*, 374 F.3d at 802 (citation omitted). Under the Ninth Circuit's seven-factor test, reasonableness is a balance of:

> (A) the extent of the purposeful interjection into the forum state;
> (B) the burden on the defendant of defending in the forum; (C)
> the extent of conflict with the sovereignty of defendant's state;
> (D) the forum state's interest in adjudicating the dispute; (E) the
> most efficient judicial resolution of the controversy; (F) the
> importance of the forum to plaintiff's interest in convenient and
> effective relief; and (G) the existence of an alternative forum.

*Ins. Co. of N. Am. v. Marina Salina Cruz*, 649 F.2d 1266, 1270 (9th Cir. 1981) (citations omitted).

**1.      No Extent of Purposeful Interjection into Oregon.**

"Even if there is sufficient 'interjection' into the [forum] state to satisfy the purposeful availment prong, the degree of interjection is a factor to be weighed in assessing the overall reasonableness of jurisdiction under the reasonableness prong." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998). Accordingly, "the smaller the element of purposeful interjection, the less jurisdiction to be anticipated and the less reasonable is its exercise." *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1488 (9th Cir. 1993).

Walter Meier Holding is merely alleged as "a Delaware corporation located in Wilmington, Delaware." (Pl.'s Compl. at ¶ 4.) There is no extent of purposeful interjection into Oregon by this holding company. As noted above, there is not even sufficient interjection

Page 10 -   DEFENDANT WALTER MEIER
            HOLDING CORPORATION'S
            MEMORANDUM OF LAW IN SUPPORT
            OF RULE 12(b)(2) MOTION TO DISMISS

**Williams, Kastner & Gibbs PLLC**
888 SW Fifth Avenue, Suite 600
Portland, OR 97204-2025
Telephone: (503) 228-7967• Fax (503) 222-7261

by Walter Meier Holding into Oregon to satisfy purposeful availment—let alone make it reasonable to exercise personal jurisdiction over Walter Meier Holding. Thus, the first factor "weighs heavily" against a reasonable exercise of personal jurisdiction over Walter Meier Holding. *See Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir. 1995).

### 2.    A High Burden to Defend in Oregon.

Walter Meier Holding, a Delaware holding company, would be significantly burdened to defend itself across the country in Oregon. By contrast, if litigating elsewhere would cause some burden to Plaintiff, the factor still "tips in favor of [a defendant] because the law of personal jurisdiction is 'primarily concerned with the defendant's burden.'" *Ziegler v. Indian River County*, 64 F.3d 470, 475 (9th Cir. 1995). Hence, the second factor, like the first, balances against a reasonable exercise of personal jurisdiction over Walter Meier Holding.

### 3.    No Conflict Among Sovereignties.

The third factor is irrelevant because no conflict exists among foreign sovereignties. *See Ins. Co. of N. Am.*, 649 F.2d at 1272; *but cf id.* ("The purposeful interjection component of our analysis requires that a defendant must in some way step outside the exclusive protection of his own state and engage in activities touching another sovereignty.").

### 4.    An Unknown Interest for Oregon to Adjudicate the Dispute.

Although Oregon has an interest in protecting its citizens, it is unknown whether Plaintiff's alleged injuries or the acts that allegedly caused his injuries occurred in Oregon. (*See* Pl.'s Compl. at ¶¶ 6–8.) Even so, Oregon would have no interest in adjudicating the dispute against Walter Meier Holding if the product-at-issue was not "distributed, supplied and/or sold" into Oregon by Walter Meier Holding. (*Id.* at ¶ 6.) Therefore, the fourth factor is

Page 11 -   DEFENDANT WALTER MEIER
            HOLDING CORPORATION'S
            MEMORANDUM OF LAW IN SUPPORT
            OF RULE 12(b)(2) MOTION TO DISMISS

**Williams, Kastner & Gibbs PLLC**
888 SW Fifth Avenue, Suite 600
Portland, OR 97204-2025
Telephone: (503) 228-7967• Fax (503) 222-7261

either unknown or it indeed balances against a reasonable exercise of personal jurisdiction over Walter Meier Holding.

### 5.    An Unknown Efficiency of an Oregon Forum.

The "efficiency of the forum" factor looks "primarily at where the witnesses and the evidence are likely to be located." *Core-Vent Corp.*, 11 F.3d at 1489.  Plaintiff has sued what he alleges to be corporate residents of Switzerland, Tennessee, Delaware, and Illinois.  (*See* Pl.'s Compl. at ¶¶ 2–5.)  Many of the witnesses and much of the evidence are likely outside of Oregon.  By sheer numbers, all parties except Plaintiff reside outside of Oregon.  (*See id.*)  Furthermore, because Plaintiff has not pleaded what act, if any, each of the four corporate Defendants has committed, it remains unknown what forum would be most efficient.  (*See id.* at ¶ 6.)  Therefore, the fifth factor is either unknown or it indeed balances against a reasonable exercise of personal jurisdiction over Walter Meier Holding.

### 6.    Little Interest in Convenient and Effective Relief.

Although Plaintiff purportedly resides in Oregon, there is "little weight to the plaintiff's inconvenience." *Panavision*, 141 F.3d at 1324 (citing *Ziegler*, 64 F.3d at 467); *see also CE Distrib., LLC. v. New Sensor Corp.*, 380 F.3d 1107, 1112 (9th Cir. 2004) ("Litigating in one's home forum is obviously most convenient.  We have noted, however, that this factor is not of paramount importance.").  Therefore, the sixth factor provides little weight to balance a reasonable exercise of personal jurisdiction over Walter Meier Holding.

### 7.    An Unknown Unavailability of Alternative Forums.

The "plaintiff bears the burden of proving the unavailability of an alternative forum." *Ziegler*, 64 F.3d at 476.  The mere preference for a "home forum" is insufficient.  *Core-Vent*

Page 12 -    DEFENDANT WALTER MEIER
           HOLDING CORPORATION'S
           MEMORANDUM OF LAW IN SUPPORT
           OF RULE 12(b)(2) MOTION TO DISMISS

**Williams, Kastner & Gibbs PLLC**
888 SW Fifth Avenue, Suite 600
Portland, OR 97204-2025
Telephone: (503) 228-7967• Fax (503) 222-7261

3107754.1

*Corp.*, 11 F.3d at 1490.  Therefore, the seventh factor balances against a reasonable exercise of personal jurisdiction over Walter Meier Holding.

In sum, the seven factors balance against a reasonable exercise of personal jurisdiction over Walter Meier Holding.  Thus even assuming Plaintiff could shift the burden to Walter Meier Holding, the exercise of specific jurisdiction over Walter Meier Holding would not comport with fair play and substantial justice.  *See Schwarzenegger*, 374 F.3d at 802 (citation omitted).

## CONCLUSION

Walter Meier Holding should be dismissed for lack of personal jurisdiction because Plaintiff has not pleaded sufficient contacts between Walter Meier Holding and Oregon to prove general or specific jurisdiction over Walter Meier Holding.  Furthermore, assuming Plaintiff could shift the burden to Walter Meier Holding, the exercise of specific jurisdiction over Walter Meier Holding would not comport with fair play and substantial justice.

DATED this 9th day of March, 2011.

s/ Christopher S. Marks, OSB # 022052
WILLIAMS, KASTNER & GIBBS PLLC
Telephone:  (503) 228-7967
Attorneys for Defendant Walter Meier Holding
Corporation

Page 13 -   DEFENDANT WALTER MEIER
            HOLDING CORPORATION'S
            MEMORANDUM OF LAW IN SUPPORT
            OF RULE 12(b)(2) MOTION TO DISMISS

**Williams, Kastner & Gibbs PLLC**
888 SW Fifth Avenue, Suite 600
Portland, OR 97204-2025
Telephone: (503) 228-7967• Fax (503) 222-7261

3107754.1

## CERTIFICATE OF SERVICE

I certify that I served the foregoing **DEFENDANT WALTER MEIER HOLDING CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF RULE 12(b)(2) MOTION TO DISMISS** on the following attorneys by the method indicated below on the 9th day of March, 2011:

*Attorneys for Plaintiff:*

Raymond F. Thomas
James S. Coon
**SWANSON, THOMAS & COON**
820 SW Second Avenue, Suite 200
Portland, OR 97204

___✓___ Via First Class Mail
_____ Via Federal Express
_____ Via Facsimile
_____ Via Hand-Delivery
_____ Via E-Mail

*Pro Hac Vice Attorney for Plaintiff*

George F. Carpinello
10 North Pearl Street, 4th Floor
Albany, NY 12207
(518) 434-0600

___✓___ Via First Class Mail
_____ Via Federal Express
_____ Via Facsimile
_____ Via Hand-Delivery
_____ Via E-Mail

*Pro Hac Vice Attorney for Plaintiff*

Richard J. Sullivan
**SULLIVAN & SULLIVAN LLP**
40 Washington Street
Wellesley, Massachusetts 02481

___✓___ Via First Class Mail
_____ Via Federal Express
_____ Via Facsimile
_____ Via Hand-Delivery
_____ Via E-Mail

*Pro Hac Vice Attorney for Plaintiff*

David M. Williams
**WILLIAMS & MAHONEY, LLC**
900 Cummings Center, Suite 306-T
Beverly, Massachusetts 01915

___✓___ Via First Class Mail
_____ Via Federal Express
_____ Via Facsimile
_____ Via Hand-Delivery
_____ Via E-Mail

s/ Christopher S. Marks, OSB #022052
WILLIAMS, KASTNER & GIBBS PLLC
Telephone: (503) 228-7967
Attorneys for Defendants Walter Meier Holding
Corporation

Page 1 –    **CERTIFICATE OF SERVICE**

3107844.1