**J. Mathew Donohue, OSB#065742**
MattDonohue@mhgm.com
MARKOWITZ HERBOLD GLADE & MEHLHAF PC
1211 SW Fifth Ave., Suite 3000
Portland, OR 97204 -3730
Phone:  503-295-3085
Fax:  503-323-9105

**George F. Carpinello** (*Pro Hac Vice to be Applied For*)
gcarpinello@bsfllp.com
BOIES SCHILLER & FLEXNER, LLP
10 North Pearl Street, 4th Floor
Albany, NY  12207
Phone: 518-434-0600
Fax:  518-434-0665

**Alec Schultz** (*Pro Hac Vice to be Applied For*)
aschultz@bsfllp.com
BOIES SCHILLER & FLEXNER, LLP
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL  33301
Phone:  954-356-0011
Fax:  954-356-0022

Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| **TODD YANDELL,** | ) | **Case No. 3:11-CV-266-KI** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM IN SUPPORT OF** |
| v. | )) | **PLAINTIFF'S OPPOSITION TO** |
| | ) | **DEFENDANT WALTER MEIER** |
| **WALTER MEIER HOLDING AG,** a Swiss | ) | **HOLDING CORPORATION'S RULE** |

**Page 1 - MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO
      DEFENDANT WALTER MEIER HOLDING CORPORATION'S RULE 12(b)(2)
      MOTION TO DISMISS**

| | | |
|---|---|---|
| Corporation; **WMH TOOL GROUP, INC.**, a | ) | **12(b)(2) MOTION TO DISMISS** |
| Tennessee Corporation; **WALTER MEIER** | ) | |
| **(MANUFACTURING) INC.**, a Tennessee | ) | **By Plaintiff** |
| Corporation; **WALTER MEIER HOLDING** | ) | |
| **CORPORATION**, a Delaware Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Todd Yandell, by and through his undersigned counsel, respectfully submits this memorandum of law in opposition to Defendant Walter Meier Holding Corporation's ("WMH") motion to dismiss for lack of personal jurisdiction. For all of the following reasons, this Court should deny Defendant's motion in its entirety.

## PRELIMINARY STATEMENT

WMH's motion asks this Court to rule as a matter of law that a plaintiff in Oregon may not seek redress in the courts of his own state against an out of state defendant who has manufactured, marketed and then sold in Oregon a defective product that later injures the plaintiff. Existing case law directly refutes Defendant's illogical proposition—indeed WMH can cite to no case dismissing a products liability suit under remotely similar circumstances--and this Court should deny the motion to dismiss as a result.

As an initial matter, WMH's motion to dismiss is fundamentally flawed, as it has been filed prior to the taking of any discovery where Plaintiff could assess Defendant's jurisdictional contacts.[1] Defendant has also failed to submit any affidavit in support of its motion to dismiss. Therefore, this Court's jurisdictional analysis is limited to the facts alleged in Plaintiff's complaint. These facts, which the Court must accept as true, unequivocally demonstrate that

---

[1] For example, Plaintiff cannot examine the full scope of Defendant WMH's contacts with the state of Oregon—and whether WMH is subject to general jurisdiction in the state—without the benefit of discovery. While Plaintiff requires discovery to fully assess the scope of WMH's contacts with the state, the allegations of the complaint provide ample grounds for denying Defendant's motion, as they demonstrate that the exercise of specific jurisdiction is appropriate here based upon WMH's conduct causing Plaintiff's injury.

**Page 2 - MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT WALTER MEIER HOLDING CORPORATION'S RULE 12(b)(2) MOTION TO DISMISS**

personal jurisdiction exists over WMH in this action.  For example, Plaintiff alleges that

Defendant WMH "distributed, supplied and/or sold to Plaintiff's Employer, Monster Electric, a

Powermatic saw that would later injure plaintiff on December 17, 2008."  (Pl. Comp. ¶ 6.)

        Under the provisions of Oregon's long-arm statute, which is the operative law in this

diversity case, these facts are sufficient for this Court to exercise specific jurisdiction over

WMH.  For example, Or. R. Civ. P. 4D.(2) provides for the exercise of specific jurisdiction when

an out of state defendant's act injures an Oregon plaintiff and "[p]roducts, materials, or things

distributed, processed, serviced, or manufactured by the defendant were used or consumed

within this state in the ordinary course of trade."  That is exactly the case here, as WMH

manufactured, sold and introduced into Oregon a defective saw that injured Plaintiff during the

normal scope of his employment.  Given this clear basis for the exercise of personal jurisdiction,

it is not surprising that WMH's brief in support of its motion omits any reference to the

applicable provisions of Oregon's long-arm statute.

        There is also no credible argument that the exercise of personal jurisdiction over WMH in

this action does not comport with federal due process requirements.  Courts in the Ninth Circuit

have consistently held that when an out of state defendant introduces a defective product into the

forum state that later causes injury, the defendant is subject to specific jurisdiction in the forum

state.  WMH cannot market and sell defective products in Oregon on the one hand, and then

attempt to escape liability for this misconduct by forcing an Oregon plaintiff to travel to a distant

forum to seek redress for his injury.  Such a result is exactly what Oregon's long-arm statute and

the Ninth Circuit's personal jurisdiction jurisprudence seek to avoid, and this Court should

follow that precedent and deny WMH's motion.


**Page 3 - MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO**
          **DEFENDANT WALTER MEIER HOLDING CORPORATION'S RULE 12(b)(2)**
          **MOTION TO DISMISS**

## FACTUAL BACKGROUND

This case arises out of injuries sustained by Mr. Yandell while operating a defectively designed Powermatic Model 64A Table Saw distributed, supplied and/or sold by Defendants. (Pl. Comp. at ¶ 6.)  As Plaintiff's complaint alleges, Defendant WMH is a Delaware corporation that manufactures, distributes and sells power tools under the Powermatic name.  Prior to December 17, 2008, Plaintiff was working at Monster Electrical Inc., d/b/a Monster Fuses in Portland, Oregon.  Plaintiff's job required the regular use of a Powermatic Model 64A Table Saw to make rip cuts on various material.  Plaintiff's employer purchased the subject saw new on December 30, 2005.  (*See id.*)  On December 17, 2008, while operating the Powermatic Model 64A Table Saw during the course and scope of his employment, Plaintiff sustained severe injuries while performing a 4" rip cut on high density foam when the saw kicked backed, causing Plaintiff's right-dominant hand to come in contact with the spinning blade.  (*See id.* at ¶ 8.)

Plaintiff required immediate medical attention as a result of his contacting the blade. Plaintiff was taken to the emergency room, where a clinical assessment was made that he suffered an amputation of his right index and middle fingers at the PIP joint, an amputation of his right ring finger at the distal phalanx and a distal nerve laceration to the flexnor tendon of his right thumb.  (*See id.*)  Plaintiff underwent multiple surgeries and physical therapy in an attempt to lessen the constant pain and improve the range of motion in his right hand.  Plaintiff has also been diagnosed with Reflex Sympathetic Dystrophy (RSD), also called Complex Regional Pain Syndrome II.  In addition to his physical impairments, Plaintiff has developed post-traumatic stress syndrome, depression and anxiety as a result of the injuries he sustained from the

defectively designed Powermatic Model 64A Table Saw distributed, supplied and/or sold by Defendants.

## <u>LEGAL ARGUMENT</u>

Defendant WMH's memorandum in support of its motion to dismiss fails to provide a legally cognizable basis for this Court to dismiss WMH from this action.  As demonstrated below, Plaintiff herein has met his burden of establishing a *prima facie* case for the exercise of personal jurisdiction over WMH, and Defendant's arguments that exercising jurisdiction over it would not comport with due process are wholly lacking in merit.[2]

### I.    Plaintiff Has Made A *Prima Facie* Showing To Support Personal Jurisdiction

Existing case law demonstrates that when a court decides a motion to dismiss for lack of personal jurisdiction without a hearing, plaintiff need only make a prima facie showing of the jurisdictional facts, and the court accepts as true all uncontroverted allegations in plaintiff's complaint.  *Nike, Inc. v. Lombardi*, 732 F.Supp.2d 1146, 1150 (D. Or. 2010) (citing *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir.2008)).  Here, there is no doubt that Plaintiff has made a prima facie showing of the existence of personal jurisdiction over WMH.

As alleged in paragraph 6 of Plaintiff's December 17, 2010, Complaint, "[a]t some time during 2005, WMH, WMMI, WMH, WMM HC distributed, supplied and/or sold to Plaintiff's Employer, Monster Electric, a Powermatic saw that would later injure plaintiff on December 17, 2008 ('the saw').  Monster Electric's purchase of this saw was the first purchase of the saw for

---

[2] As specific jurisdiction over WMH unquestionably exists in this action, Plaintiff does not address the question of the existence of general jurisdiction.  However, Plaintiff does not concede the question of the existence of general jurisdiction, but notes that he would require discovery from Defendant to assess the full scope of Defendant's contacts with the forum for purposes of a general jurisdiction analysis.  *See, e.g., Calix Networks, Inc. v. Wi-Lan, Inc.*, No. C-09-06038-CRB, 2010 WL 3515759, *4 (N.D.Cal. Sept. 8, 2010) ("It would ... be counterintuitive to require a plaintiff, prior to conducting discovery, to meet the same burden that would be required to defeat a motion to dismiss.") (internal citations omitted).

**Page 5 - MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT WALTER MEIER HOLDING CORPORATION'S RULE 12(b)(2) MOTION TO DISMISS**

use." The allegations in paragraph 6 of the complaint, when taken as true, indicate that Defendant WMH intentionally marketed, distributed and sold the defective subject saw in Oregon. These intentional acts taken by Defendant within Oregon resulted in injury to Plaintiff in the state and thereby gave rise to Plaintiff's claims.[3]

Pursuant to Oregon's long-arm statute, these allegations are sufficient to confer personal jurisdiction over WMH. In diversity cases, the court looks to the law of the state in which it sits to determine whether it has personal jurisdiction over the nonresident defendant. *Nike, Inc*., 732 F.Supp.2d at 1150. Here, there is no question that the exercise of specific jurisdiction is proper under Oregon's long-arm statute. Specifically, Or. R. Civ. P. 4(D)(2) provides a basis for specific jurisdiction "[i]n any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury…[p]roducts, materials, or things distributed, processed, serviced, or manufactured by the defendant were used or consumed within this state in the ordinary course of trade."

Based upon the allegations in Plaintiff's complaint, WMH's conduct falls squarely within this jurisdictional provision, as Defendant manufactured, sold and introduced into Oregon a defective saw that injured Plaintiff during the normal scope of his employment. Therefore, having made a prima facie showing for the exercise of jurisdiction over WMH in his complaint,

---

[3] Defendant's memorandum of law suggests—but does not specifically argue—that WMH is a holding company that should not be subject to personal jurisdiction in Oregon. As noted, Plaintiff's complaint alleges that WMH itself engaged in tortious conduct in Oregon. However, even if that were not the case, jurisdiction would still be proper, as the contacts of WMH's subsidiaries are properly attributed to WMH for the jurisdictional analysis. *See, e.g., In re Phenylpropanolamine (PPA) Products Liability Litigation*, 344 F.Supp.2d 686 (W.D.Wash. 2003) (finding existence of personal jurisdiction over out of state holding company where subsidiary's contacts with forum were attributed to holding company). In any event, as with the general jurisdiction analysis, Plaintiff would require discovery of the corporate relationship among the Defendants herein before the Court could address this question.

**Page 6 - MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO
         DEFENDANT WALTER MEIER HOLDING CORPORATION'S RULE 12(b)(2)
         MOTION TO DISMISS**

Plaintiff need only demonstrate that subjecting WMH to jurisdiction in Oregon comports with due process.  Contrary to Defendant WMH's arguments, there is no dispute that due process is satisfied here, as the Ninth Circuit has upheld the exercise of personal jurisdiction in cases with for more attenuated contact to the forum than that at issue in this case.

## II.   Subjecting WMH to Personal Jurisdiction in Oregon Would Not Offend Due Process

Each of Defendant WMH's due process arguments fails, as in a products liability case, subjecting an out-of-state manufacturer of a defective product to jurisdiction in the forum where the product was sold and the injury occurred does not offend due process.  Given Plaintiff's allegations that Defendant distributed and sold in Oregon a defective saw that caused him injury, there is no cognizable due process violation at issue here.

The Ninth Circuit employs a three-prong test to determine whether a party has sufficient minimum contacts to be susceptible to specific personal jurisdiction:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010).

## A.   WMH has Purposefully Directed Its Activities Toward Oregon

Here, WMH's conduct at issue satisfies each element of this test.  As to the first element, in a tort action, the Ninth Circuit evaluates purposeful direction using the three-part "*Calder-*

**Page 7 - MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT WALTER MEIER HOLDING CORPORATION'S RULE 12(b)(2) MOTION TO DISMISS**

effects" test, taken from the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783 (1984).
*Id.* Under this test, "the defendant allegedly must have (1) committed an intentional act, (2)
expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be
suffered in the forum state." *Id.* (citing *Yahoo! Inc. v. La Ligue Contre Le Racisme Et
L'Antisemitisme,* 433 F.3d 1199, 1206 (9th Cir.2006)).  There is no requirement that the
defendant must have physical contacts with the forum state.  *See id.*

      Plaintiff's complaint shows that WMH committed an intentional act, expressly aimed at
Oregon, that caused foreseeable harm to Plaintiff in the state.  Specifically, WMH distributed
and sold a defective saw directly to Plaintiff's employer in Oregon, and Plaintiff suffered an
injury while using this saw in the normal course of his employment.  (*See* Pl. Comp. ¶ 6.)  Given
that WMH sold a defective product into the Oregon market, it is reasonable to assume the
Defendant was no notice of the harm to users that could and did result.

      In similar circumstances, a court in this district found that the exercise of personal
jurisdiction was proper.  The court in *Pacific Cornetta, Inc. v. Jung*, a trademark infringement
action, held that personal jurisdiction existed when "the defendants knew that its [sic] product
would likely be shipped to Oregon; they knew that an Oregon corporation would be harmed by
their infringing product; and then that product was shipped to Oregon."  218 F.R.D. 250, 255 (D.
Or. 2003).  In the present action the jurisdictional facts are even stronger, as WMH knowingly
sold a defective saw in Oregon that caused injury to the Plaintiff.  This is not, as Defendant
argues, a simple "stream of commerce" case where a party places a product into the market with
no knowledge where it may wind up and no intention for the defective product to be sold in the
forum where the injury occurred.  Here, Plaintiff has alleged that WMH sold the defective

product directly to an Oregon entity. As the Supreme Court has stated, "[t]he forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297-298 (1980). Thus, through its act of distributing and selling a defective product in Oregon, WMH has purposefully directed activities toward the state so as to support the exercise of jurisdiction.

### B.    Plaintiff's Claims Arise Directly from WMH's Activities in Oregon

The Court can make short shrift out of Defendant's argument that Plaintiff's claims do not arise out of WMH's activities in Oregon. Indeed, Defendant fails to cite a single case holding that a plaintiff's claims do not relate to a defendant's activities in the forum where, as here, the plaintiff was injured as a direct result of the defendant's sale of a defective product in the forum. In contrast, courts routinely hold that personal jurisdiction is proper in this factual scenario.

The Ninth Circuit has adopted a "but for" test for determining whether a plaintiff's cause of action arises out of a defendant's forum related activities. *See Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 271 (9th Cir.1995). "The 'arising out of' requirement is met if but for the contacts between the defendant and the forum state, the cause of action would not have arisen." *Patterson v. Home Depot, USA, Inc*., 684 F.Supp.2d 1170, 1186 (D.Ariz. 2010) (citing *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 561 (9th Cir.1995)).

Here, there can be no credible dispute that Plaintiff's claims arise out of WMH's activities in Oregon. But for Defendant's act of distributing and selling a defective saw in

Oregon, Plaintiff would not have suffered the injuries forming the basis of his claims. In similar products liability cases, courts in the Ninth Circuit routinely hold that injury stemming from use of a defective product satisfies the "arising out of" requirement. For example, in *Patterson*, the defendant was alleged to have manufactured a defective ladder that was sold in Arizona and resulted in injury to the plaintiff. There the court found that the "arising out of" requirement was satisfied, as "but for (defendant's) decision to direct the allegedly defective design towards the United States, Plaintiff would not have been injured by the collapse of his Multi-Matic ladder." *Patterson*, 684 F.Supp.2d at 1186. The same result should occur here, as it was WMH's distribution and sale of the defective saw in Oregon that directly resulted in Plaintiff's injuries.

### C.    Exercise of Jurisdiction over WMH is Reasonable

As the Plaintiff has met his burden on the first two prongs of the Ninth Circuit's jurisdictional test, it is Defendant's obligation and burden to show that the exercise of jurisdiction is not reasonable. *See id.* at 1187 ("If the first two requirements are satisfied, then the burden of proof shifts and the defendant must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.") (citation and quotations omitted). WMH cannot satisfy this burden, as it has failed to direct the Court to any credible argument why the exercise of jurisdiction would be improper.

A defendant's burden at this stage of the analysis is extremely high, as courts have gone so far as to presume that the exercise of jurisdiction is proper if a plaintiff satisfies the first two prongs of the jurisdictional test. *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995) ("The third requirement is that an exercise of jurisdiction must be reasonable. We presume that an otherwise valid exercise of specific jurisdiction is reasonable.") None of Defendant's arguments

**Page 10 - MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT WALTER MEIER HOLDING CORPORATION'S RULE 12(b)(2) MOTION TO DISMISS**

presents a compelling basis to find that the exercise of jurisdiction is not reasonable, as each factor that the Ninth Circuit identified in *Ins. Co. of N. Am. v. Marina Salina Cruz*, 649 F.2d 1266 (9th Cir. 1981) weighs in Plaintiff's favor.

### 1.    WMH Purposefully Injected itself into Oregon

Plaintiff has already established with regard to the first prong of the Ninth Circuit's jurisdictional test that WMH purposefully interjected itself into Oregon. The extent of this interjection is substantial, as Defendant distributed and sold a defective saw directly to Plaintiff's employer in Oregon. In arguing that this factor weighs in its favor, Defendant does nothing more than argue that Plaintiff has failed to show any purposeful availment on its part toward Oregon. Plaintiff has already demonstrated that this argument is wholly lacking in merit, and the Court should find that this factor weighs in favor of Plaintiff, as WMH has failed to submit any evidence—such as an affidavit—in support of its position. *Cf. Ballard*, 65 F.3d at 1501 (noting that when a defendant fails to provide specific evidence, "[w]e cannot answer the question in the abstract.")

### 2.    The Burden on WMH from Defending in Oregon is Minimal

WMH strains credibility—and again provides this Court with no evidence to support its position—in arguing that it would face a significant burden from defending this case in Oregon. As the Ninth Circuit has recognized, "the advent of 'modern transportation' certainly has made the burden of defending in a foreign forum more palatable." *Id.* Simply put, there is no burden on WMH to defend here, as Defendant has already retained local counsel, and this is a relatively straightforward action that should not require substantial travel to Oregon by WMH employees. Additionally, mere inconvenience from having to defend in a foreign forum is not enough, as

**Page 11 - MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT WALTER MEIER HOLDING CORPORATION'S RULE 12(b)(2) MOTION TO DISMISS**

"unless the inconvenience is so great as to constitute a deprivation of due process, it will not overcome clear justifications for the exercise of jurisdiction." *Id.* As WMH has completely failed to provide the Court with any evidence to meet its burden on this issue, the Court should find that this factor weighs in Plaintiff's favor.

### 3. The Conflict among Sovereignties Factor is not at Issue

Defendant states—and Plaintiff agrees—that the conflict among sovereignties factor is not at issue here, so this factor should not affect the Court's jurisdictional analysis.

### 4. Oregon has a High Interest in Adjudicating this Dispute

Oregon's interest in adjudicating this dispute is high, and this factor weighs strongly in Plaintiff's favor, as Plaintiff is an Oregon resident who alleges injury stemming from the sale of Defendant's defective product in this forum. Defendant's arguments to the contrary are unavailing, as the Ninth Circuit has long recognized that a forum state has a high interest in adjudicating disputes where one of its citizens alleges injury to himself from a defendant's tortious conduct. *See CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1112 (9th Cir.2004) ("The forum state has a substantial interest in adjudicating the dispute of one of its residents who alleges injury due to the tortious conduct of another."). Therefore, existing Ninth Circuit precedent dictates that this Court weigh this factor in Plaintiff's favor.

### 5. Oregon is the Most Efficient Forum for Resolving this Dispute

This factor weighs in Plaintiff's favor, as the locus of evidence and witnesses are located in Oregon. In addition to Plaintiff residing here in Oregon, the saw (which will have to be inspected in this action) is located in this state, as are the witnesses to Plaintiff's injury and his treating medical providers. Defendant WMH has not identified any of its potential witnesses

**Page 12 - MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT WALTER MEIER HOLDING CORPORATION'S RULE 12(b)(2) MOTION TO DISMISS**

who may have to travel to Oregon—or frankly any reason why Oregon is not an efficient forum—nor has it identified any reason why Delaware (or some other forum of its choice) would be more efficient.  Additionally, this case involves the application of Oregon law, which a court in Oregon is most capable of adjudicating efficiently.  Therefore, this factor weighs strongly in favor of keeping this action in Oregon.

### 6.    An Oregon Forum is Important to Plaintiff's Interest in Convenient and Effective Relief

The Plaintiff in this action suffered a severe and life altering injury as a result of Defendant's misconduct, and as opposed to a large corporation, he is not an individual with limitless resources to travel to a foreign forum to prosecute his case.  Mr. Yandell is an Oregon resident seeking relief under Oregon law, and there is no question that Oregon is highly important to his interest in convenient and effective relief.  As WMH has not identified any cognizable argument to the contrary, this factor weighs in Plaintiff's favor.

### 7.    Alternative Forums are not Convenient

While Plaintiff acknowledges that alternative forums—such as Defendant's state of incorporation—do exist, he has already demonstrated that no alternative forum would be as convenient or efficient for resolving this dispute due to the location of witnesses, relevant evidence, etc.  Therefore, this factor is at best neutral between the parties, and it does not provide a basis for declining to exercise jurisdiction over WMH.

In its efforts to argue that the exercise of personal jurisdiction over it is not reasonable, WMH offers nothing more than conjecture and speculation.  Nowhere in Defendant's brief is there any legally cognizable or compelling basis for this Court to decline jurisdiction, particularly given that the Ninth Circuit has previously blessed the exercise of personal

**Page 13 - MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT WALTER MEIER HOLDING CORPORATION'S RULE 12(b)(2) MOTION TO DISMISS**

jurisdiction in similar factual scenarios.  Therefore, the exercise of personal jurisdiction over

WMH in this matter does not offend due process standards.

<u>CONCLUSION</u>

For all of the foregoing reasons, Plaintiff Todd Yandell respectfully requests that this

Court deny Defendant WMH's motion to dismiss in its entirety, as Plaintiff has met his burden

of establishing a basis for the exercise of personal jurisdiction over Defendant.

DATED this 30th day of March, 2011.

MARKOWITZ, HERBOLD, GLADE
   & MEHLHAF, P.C.


By:   */s/ J. Matthew Donohue*
         J. Matthew Donohue, OSB #065742
         (503) 295-3085


BOIES SCHILLER & FLEXNER, LLP
   George F. Carpinello
   Alec Schultz
   *Pro Hac Vice to be Applied For*

   Of Attorneys for Plaintiff

**Page 14 - MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO
         DEFENDANT WALTER MEIER HOLDING CORPORATION'S RULE 12(b)(2)
         MOTION TO DISMISS**