**Christopher S. Marks**, OSB #022052
cmarks@williamskastner.com
**Rachel A. Robinson**, OSB #084550
rrobinson@williamskastner.com
WILLIAMS, KASTNER & GIBBS PLLC
888 SW Fifth Avenue, Suite 600
Portland, OR 97204-2025
Phone: (503) 228-7967
Fax: (503) 222-7261
Attorneys for Defendants Walter Meier Holding Corporation

The Honorable Garr M. King

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| TODD YANDELL,<br><br>Plaintiff,<br><br>v.<br><br>**WALTER MEIER HOLDING AG**, a Swiss Corporation; **WMH TOOL GROUP, INC.**, a Tennessee Corporation; **WALTER MEIER (MANUFACTURING) INC.**, a Tennessee Corporation; **WALTER MEIER HOLDING CORPORATION**, a Delaware Corporation,<br><br>Defendants. | Case No. 3:11-CV-266-KI<br><br>DEFENDANT WALTER MEIER HOLDING CORPORATION'S REPLY IN SUPPORT OF RULE 12(b)(2) MOTION TO DISMISS |

## INTRODUCTION

Both Plaintiff and Walter Meier Holding Corporation ("Walter Meier Holding") agree the issue facing this Court is simple and straightforward: Has Plaintiff pleaded contacts between Walter Meier Holding and Oregon sufficient to make a *prima facie* showing of

Page 1 -   DEFENDANT WALTER MEIER HOLDING
CORPORATION'S REPLY IN SUPPORT OF
RULE 12(b)(2) MOTION TO DISMISS

Williams, Kastner & Gibbs PLLC
888 SW Fifth Avenue, Suite 600
Portland, OR 97204-2025
Telephone: (503) 228-7967• Fax (503) 222-7261

3130402.1

personal jurisdiction?[1] As Walter Meier Holding demonstrated in its opening brief, the answer to that question is "no." Walter Meier Holding should be dismissed for lack of personal jurisdiction because Plaintiff did not plead *any contact* between Walter Meier Holding and Oregon, let alone sufficient contacts to satisfy due process of law and permit the exercise of personal jurisdiction.

## ARGUMENT

### I. PLAINTIFF'S COMPLAINT DOES NOT PROVIDE A BASIS FOR JURISDICTION.

As Plaintiff acknowledges at pages 3 and 5 of his Memorandum, the only allegation pertinent to the Court's inquiry into whether it has personal jurisdiction over Walter Meier Holding is paragraph 6 of the Complaint, which states:

> **At some time during 2005, WMH, WMMI, WMH, WMM HC distributed, supplied and/or sold to Plaintiff's Employer, Monster Electric, a Powermatic saw that would later injure plaintiff on December 17, 2008 . . . .**

(Pl.'s Compl. ¶ 6 (ECF No. 1, Ex. A.)[2] This allegation is clear in one sense: it does not assert any contact between Walter Meier Holding and Oregon.

In an attempt to overcome the void left by the Complaint, Plaintiff purports to augment his allegations with "background" he claims can be drawn from the Complaint. But from the moment Plaintiff begins this exercise, he deviates from the actual allegations of the Complaint

---

[1] *See* Pl.'s Mem. 2 (ECF No. 12) ("Therefore, this Court's jurisdictional analysis is limited to the facts alleged in Plaintiff's complaint."); *see also Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).

[2] There appears to be some confusion as to the actual identity Plaintiff's employer, which is referred to as "Monster Electric," in Plaintiff's Complaint (*see* Compl. ¶ 6), but as "Monster Electrical Inc., d/b/a Monster Fuses" in Plaintiff's Memorandum (*see* Pl.'s Mem. 4).

Page 2 -   DEFENDANT WALTER MEIER HOLDING
CORPORATION'S REPLY IN SUPPORT OF
RULE 12(b)(2) MOTION TO DISMISS

Williams, Kastner & Gibbs PLLC
888 SW Fifth Avenue, Suite 600
Portland, OR 97204-2025
Telephone: (503) 228-7967• Fax (503) 222-7261

3130402.1

to unsupported, conclusory statements. For instance, Plaintiff asserts paragraph 6 of the Complaint establishes that "[p]rior to December 17, 2008, Plaintiff was working at Monster Electrical, Inc., d/b/a Monster Fuses in Portland, Oregon." (Pl.'s Mem. 4.) In fact, Plaintiff's argument is so unhinged to the actual allegations of the Complaint that he later argues that the Complaint establishes that Walter Meier Holding "knowingly sold a defective saw in Oregon that caused injury to the Plaintiff" and that Walter Meier Holding's "distribution and sale of the defective saw in Oregon . . . directly resulted in Plaintiff's injuries." (*Id.* 8, 10.) There are no such allegations in the Complaint.

Plaintiff's arguments simply are not grounded in the actual allegations before this Court. Therefore, they should be rejected.

## II.   OR. R. CIV. P. 4D(2) DOES NOT ESTABLISH PERSONAL JURISDICTION.

Perhaps recognizing that his complaint does not establish a basis for jurisdiction, Plaintiff argues that Or. R. Civ. P. 4D(2), one of the sections of Oregon's long-arm statute, provides a "clear basis for the exercise of personal jurisdiction" and "there is no question that the exercise of specific jurisdiction is proper" under this statutory provision. (Pl.'s Mem. 3, 6.) Of course, this argument begs the very question at issue here, because without an allegation that Walter Meier Holding somehow had contact in Oregon, there would be no basis for application of the long-arm statute. Even so, Plaintiff's argument overstates the case, and has, in fact, been rejected by both the Ninth Circuit and the Oregon Court of Appeals. *See, e.g., Gray & Co. v. Firstenberg Mach. Co., Inc.*, 913 F.2d 758, 760 n.1 (9th Cir. 1990); *Biggs v. Robert Thomas, O.D., Inc.*, 133 Or. App. 621, 625–26, 893 P.2d 545 (1995).

Page 3 -   DEFENDANT WALTER MEIER HOLDING CORPORATION'S REPLY IN SUPPORT OF RULE 12(b)(2) MOTION TO DISMISS

Williams, Kastner & Gibbs PLLC
888 SW Fifth Avenue, Suite 600
Portland, OR 97204-2025
Telephone: (503) 228-7967• Fax (503) 222-7261

3130402.1

In *Gray*, the plaintiff argued personal jurisdiction was proper "because defendants' actions fall into one of the specially defined categories of Oregon's long-arm statute." 913 F.2d at 760 n.1. Dismissing the argument outright, the Ninth Circuit stated that "[t]he courts, not the state legislature, must ultimately decide whether the requirements of due process have been met in a particular case." *Id.*

In *Biggs*, the Oregon Court of Appeals likewise rejected the plaintiff's argument that personal jurisdiction was proper because, "once a plaintiff alleges facts to support jurisdiction based on one or more of the specific subsections of ORCP 4, personal jurisdiction over an out-of-state defendant is *per se* constitutional." 133 Or. App. at 624, 626. The appellate court affirmed the trial court's dismissal for lack of personal jurisdiction over the defendant and held that "compliance with subsections B through K [of Or. R. Civ. P. 4] does not necessarily mean that the court can automatically dispense with a due process analysis." *Id.* at 626 (citation omitted). Indeed, "[i]n each instance, it is incumbent upon the court to ensure that the exercise of personal jurisdiction comports with due process requirements." *Id.*

It is thus clear that Or. R. Civ. P. 4D(2), by itself, does not permit the exercise of personal jurisdiction. *See Gray*, 913 F.2d at 760 n.1; *Biggs*, 893 P.2d at 547, 133 Or. App. at 625–26.[3]

---

[3] Perhaps in an attempt to draw attention away from the deficiencies of his argument, Plaintiff contends that "it is not surprising that WMH's brief in support of its motion omits any reference to the applicable provisions of Oregon's long-arm statute." (Pl.'s Mem. 3.) Despite Plaintiff's contention, Walter Meier Holding did reference the provisions of Oregon's long-arm statute in its brief. And, most importantly, Walter Meier Holding drew the Court's attention to the controlling provision of the long-arm statute, Or. R. Civ. P. 3L. (Def.'s Mem. 4.)

Page 4 - DEFENDANT WALTER MEIER HOLDING CORPORATION'S REPLY IN SUPPORT OF RULE 12(b)(2) MOTION TO DISMISS

Williams, Kastner & Gibbs PLLC
888 SW Fifth Avenue, Suite 600
Portland, OR 97204-2025
Telephone: (503) 228-7967• Fax (503) 222-7261

3130402.1

### III. ALLEGATIONS REGARDING CONTACTS OF WALTER MEIER HOLDING'S RELATED-ENTITIES CANNOT ESTABLISH PERSONAL JURISDICTION.

Plaintiff also argues that the Court may establish personal jurisdiction over Walter Meier Holding through the supposed contacts of related corporate entities. (Pl.'s Mem. 6 n.3.) Anticipating this argument, Walter Meier Holding addressed this issue in its opening brief and incorporates that discussion here. (Def.'s Mem. 3, 6.)

Although cited by Plaintiff, *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 344 F. Supp. 2d 686 (W.D. Wash. 2004), does not apply to this case. In *In re Phenylpropanolamine*, the plaintiffs alleged an alter ego or agency relationship between the defendant and its subsidiary. *Id.* at 691–92. Plaintiff has not alleged any similar relationship between Walter Meier Holding and its related entities in this case. Therefore, there are no allegations in the Complaint that would permit the exercise of personal jurisdiction over Walter Meier Holding under an alter ego theory.

### IV. ONE PRODUCT THAT ENDS UP IN THE JURISDICTION DOES NOT ESTABLISH PERSONAL JURISDICTION.

As a third option, Plaintiff argues "subjecting an out-of-state manufacturer of a defective product to jurisdiction in the forum where the product was sold and the injury occurred does not offend due process." (Pl.'s Mem. 7.) Again, this argument is unsupported by any allegation in the Complaint. Moreover, there is no legal support for this statement.

*Holland American. Line Inc. v. Wärtsilä North America, Inc.* ("*Holland*"), 485 F.3d 450 (9th Cir. 2007), which Walter Meier Holding cited in its opening brief, is instructive on this point. (Def.'s Mem. 8.) In *Holland*, the Ninth Circuit affirmed the district court's dismissal for lack of personal jurisdiction, even though the plaintiff argued that personal jurisdiction was

Page 5 - DEFENDANT WALTER MEIER HOLDING CORPORATION'S REPLY IN SUPPORT OF RULE 12(b)(2) MOTION TO DISMISS

Williams, Kastner & Gibbs PLLC
888 SW Fifth Avenue, Suite 600
Portland, OR 97204-2025
Telephone: (503) 228-7967• Fax (503) 222-7261

3130402.1

appropriate because the defendants had sold products that ended up in Washington. *Holland*, 485 F.3d at 459. The Ninth Circuit made it clear that:

> The placement of a product into the stream of commerce, without more, is not an act purposefully directed toward a forum state. Even a defendant's awareness that the stream of commerce may or will sweep the product into the forum state does not convert the mere act of placing the product into the stream of commerce into an act purposefully directed toward the forum state.
>
> ***
>
> Asahi requires "something more" than the mere placement of a product into a stream of commerce, and [plaintiff] has failed to demonstrate the requisite extra showing here.

*Id.* (citing *Asahi Metal Indus. Co., Ltd. v. Sup. Ct. of Cal.*, 480 U.S. 102, 112 (1987)).

Even if Plaintiff had alleged that Walter Meier Holding put a product into the stream of commerce that eventually was sold in Oregon, he has failed to allege the requisite extra showing — the "something more" required by *Asahi* and *Holland*. *Holland*, 485 F.3d at 459; *Asahi*, 480 U.S. at 112. In other words, an alleged effect in Oregon is insufficient. *Holland*, 485 F.3d at 460. One product that ends up in the jurisdiction does not support a prima facie showing of personal jurisdiction. *See Id.* at 459-60.

The two infringement cases cited by Plaintiff, *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124 (9th Cir. 2010) (copyright infringement) and *Pacific Cornetta, Inc. v. Jung*, 218 F.R.D. 250 (D. Or. 2003) (trademark infringement), are distinguishable factually and legally. Both *Brayton Purcell LLP* and *Pacific Cornetta, Inc.* found personal jurisdiction based on the defendants' *willful* infringement in the jurisdiction and directed to the jurisdiction. *See Brayton Purcell LLP*, 606 F.3d at 1129, 1131; *Pacific Cornetta, Inc.*, 218 F.R.D. at 255. There

Page 6 - DEFENDANT WALTER MEIER HOLDING CORPORATION'S REPLY IN SUPPORT OF RULE 12(b)(2) MOTION TO DISMISS

Williams, Kastner & Gibbs PLLC
888 SW Fifth Avenue, Suite 600
Portland, OR 97204-2025
Telephone: (503) 228-7967• Fax (503) 222-7261

3130402.1

is no allegation of *willful* conduct here. Therefore, these cases are inapposite and do not support jurisdiction over Walter Meier Holding in this case. *See Holland*, 485 F.3d at 459–60 ("*Asahi* requires 'something more' than the mere placement of a product into a stream of commerce"; "the 'effects' test . . . applies only to intentional torts.").

## V. PLAINTIFF IS NOT ENTITLED TO JURISDICTIONAL DISCOVERY.

Contrary to Plaintiff's assertions, he is not entitled to jurisdictional discovery prior to the Court's ruling on Walter Meier Holding's motion to dismiss. Plaintiff has taken the position that "the allegations of the complaint provide ample grounds for denying Defendant's motion, as they demonstrate that the exercise of specific jurisdiction is appropriate." (Pl.'s Mem. 2 n.1.) But in the same breath, Plaintiff asserts that he must be allowed jurisdictional discovery to establish jurisdiction. (*Id.*) Plaintiff cannot have it both ways. By asserting that the Complaint is sufficient to establish jurisdiction, Plaintiff has acknowledged that the Court may rule on the pleadings and that no jurisdictional discovery is needed. *See, e.g., Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817, 819 (9th Cir. 1995) (affirming dismissal where "rather than moving for extension of time to oppose the dismissal motion, the plaintiffs filed an opposition which stated in part: '[h]owever, if the court believes that there is not sufficient evidence to support plaintiffs' jurisdictional allegation, plaintiffs respectfully request an opportunity to conduct discovery");[4] *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (affirming dismissal where plaintiffs' motion "stated only that they would 'need to engage in discovery in order to support jurisdictional allegations.' The request did not indicate the theory upon which these allegations were based.").

---

[4] In *Sopcak*, the case was dismissed nine months after the complaint was filed. 52 F.3d at 819.

Page 7 -  DEFENDANT WALTER MEIER HOLDING CORPORATION'S REPLY IN SUPPORT OF RULE 12(b)(2) MOTION TO DISMISS

Williams, Kastner & Gibbs PLLC
888 SW Fifth Avenue, Suite 600
Portland, OR 97204-2025
Telephone: (503) 228-7967• Fax (503) 222-7261

3130402.1

"The discovery process established by the Federal Rules is not intended to establish jurisdiction. 'It is the obligation of the plaintiff to undertake at least enough minimal investigation prior to filing a complaint as to permit it to allege a basis for jurisdiction in the complaint.'" *Osborn & Barr Commc'ns, Inc. v. EMC Corp., Inc.*, No. 4:08-CV-87 CAS, 2008 WL 341664, at *2 (E.D. Mo. Feb. 5, 2008) (quoting *Milligan Elec. Co. v. Hudson Const. Co.*, 886 F. Supp. 845, 850 (N.D. Fla. 1995))); *see generally* 4 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1067.6 (3d ed. & Supp. 2010) ("to bring a defendant into federal court under a state statute, particularly a long-arm statute, . . . he or she [plaintiff] must first set forth sufficient facts in the complaint" (citations omitted)). Thus, jurisdictional discovery is appropriate only "where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). Because personal jurisdiction is a threshold issue challenging the very power of the Court to proceed, discovery should not occur where the allegations in the pleadings do not support jurisdiction. *See Boschetto*, 539 F.3d at 1020; *Butcher's Union Local No. 498*, 788 F.2d at 540; *see generally* 4 Wright & Miller, *Federal Practice and Procedure* § 1067.6 n.14 (plaintiff's complaint is "threshold step in personal jurisdiction inquiry" (citations omitted)). In other words, "courts should take care to ensure that litigation of the jurisdictional issue does not undermine the purposes of personal jurisdiction law in the first place. . . . Requiring a threshold showing of a colorable basis for exercising jurisdiction is consistent with both the purpose of the due process requirement of minimum contacts." *Ellis v. Fortune Seas, Ltd.*, 175 F.R.D. 308, 312 (S.D. Ind. 1997) (collecting cases and denying jurisdictional discovery).

Page 8 -   DEFENDANT WALTER MEIER HOLDING
            CORPORATION'S REPLY IN SUPPORT OF
            RULE 12(b)(2) MOTION TO DISMISS

Williams, Kastner & Gibbs PLLC
888 SW Fifth Avenue, Suite 600
Portland, OR 97204-2025
Telephone: (503) 228-7967• Fax (503) 222-7261

3130402.1

Again, the inquiry returns to the fact that Plaintiff has not pleaded *any contact* between Walter Meier Holding and Oregon, let alone contacts sufficient to permit the exercise of personal jurisdiction over Walter Meier Holding. Consequently, Walter Meier Holding's motion to dismiss for lack of personal jurisdiction should be granted.

## CONCLUSION

For the reasons stated above and in its Memorandum of Law (ECF No. 7), Walter Meier Holding Corporation's Rule 12(b)(2) Motion to Dismiss (ECF No. 6) should granted because Plaintiff has not met his burden to establish personal jurisdiction over Walter Meier Holding.

DATED this 20th day of April, 2011.

s/ Rachel A. Robinson, OSB #084550
WILLIAMS, KASTNER & GIBBS PLLC
Telephone: (503) 228-7967
Attorneys for Defendant Walter Meier Holding Corporation

Page 9 - DEFENDANT WALTER MEIER HOLDING CORPORATION'S REPLY IN SUPPORT OF RULE 12(b)(2) MOTION TO DISMISS

Williams, Kastner & Gibbs PLLC
888 SW Fifth Avenue, Suite 600
Portland, OR 97204-2025
Telephone: (503) 228-7967• Fax (503) 222-7261

3130402.1